**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | James | | Goode |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   Eastern District of Virginia

Case number   13-31466-KLP
(if known)

Official Form 427

# Cover Sheet for Reaffirmation Agreement                    12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1:    Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**

C&F Finance Company
Name of the creditor

**2. How much is the debt?**

On the date that the bankruptcy case is filed   $ 5,858.81

To be paid under the reaffirmation agreement  $ 5,957.53

$ 343.92 per month for 24 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**

Before the bankruptcy case was filed    18.99 %

Under the reaffirmation agreement    18.99 %   ☑ Fixed rate
                                              ☐ Adjustable rate

**4. Does collateral secure the debt?**

☐ No
☑ Yes.  Describe the collateral.   2007 Honda Accord - Retail Installment Loan

Current market value    $ 6,861.00

**5. Does the creditor assert that the debt is nondischargeable?**

☐ No
☐ Yes.  Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

| | Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement |
|---|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 3264 | 6e. Monthly income from all sources after payroll deductions | $ 3264 |
| 6b. Monthly expenses from line 22c of Schedule J | – $ 3421 | 6f. Monthly expenses | – $ 3421 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | – $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses | – $ 0 |
| 6d. Scheduled net monthly income Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ (157) | 6h. Present net monthly income Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. | $ (157) |

Debtor 1    **James** _____ **Goode** _____    Case number (if known) **13-31466-KLP** _____
      First Name    Middle Name      Last Name

| | |
|---|---|
| **7. Are the income amounts on lines 6a and 6e different?** | ☑ No <br> ☐ Yes. Explain why they are different and complete line 10._____ <br> _____ |
| **8. Are the expense amounts on lines 6b and 6f different?** | ☑ No <br> ☐ Yes. Explain why they are different and complete line 10._____ <br> _____ |
| **9. Is the net monthly income in line 6h less than 0?** | ☐ No <br> ☑ Yes. A presumption of hardship arises (unless the creditor is a credit union). <br> Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. <br> _Reduced other debts by bankruptcy, and learned how to manage money better through credit counseling_ |

| | |
|---|---|
| **10. Debtor's certification about lines 7-9** <br><br> If any answer on lines 7-9 is Yes, the debtor must sign here. <br><br> If all the answers on lines 7-9 are No, go to line 11. | I certify that each explanation on lines 7-9 is true and correct. <br><br> X _James N. Goode_      X _____ <br>    Signature of Debtor 1         Signature of Debtor 2 (Spouse Only in a Joint Case) |
| **11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?** | ☐ No <br> ☑ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement? <br>      ☑ No <br>      ☐ Yes |

---

**Part 2:   Sign Here**

| | |
|---|---|
| **Whoever fills out this form must sign here.** | I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*. <br><br> X _Harvey Lee Porter, III_      Date **3/16/2016** <br>    Signature                   MM / DD / YYYY <br><br> Harvey Lee Porter, III <br> Printed Name <br><br> Check one: <br> ☐ Debtor or Debtor's Attorney <br> ☑ Creditor or Creditor's Attorney |

Form 2400A (12/15)

> Check one.
> ☐ **Presumption of Undue Hardship**
> ☐ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation,*
> *Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Virginia

In re  James Goode _____,

          *Debtor*

Case No.  13-31466-KLP

Chapter  07

## REAFFIRMATION DOCUMENTS

Name of Creditor:  C&F Finance Company

☐ Check this box if Creditor is a Credit Union

## PART I.  REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision.  Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Retail Installment Loan

                                                                *For example, auto loan*

B. ***AMOUNT REAFFIRMED***:     $ _____ 5,957.53 _____

       The Amount Reaffirmed is the entire amount that you are agreeing to pay.  This may include unpaid principal, interest, and fees and costs (if any) arising on or before ___ 03/19/2013 ___, which is the date of the Disclosure Statement portion of this form (Part V).

       *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is ___ 18.9900 %.

       *See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☑ Fixed rate        ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents                                                    Page 2

D.  Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☑    $ __343.92__ per month for __24__ months starting on __01/18/2016__ .

☐    Describe repayment terms, including whether future payment amount(s) may be different from
the initial payment amount.

E.  Describe the collateral, if any, securing the debt:

| | |
|---|---|
| Description: | 2007 Honda Accord |
| Current Market Value | $ 6,861.00 |

F.  Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑  Yes.  What was the purchase price for the collateral?          $ 14,600.00

☐  No.   What was the amount of the original loan?            $ _____

G.  Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed
debt and any related agreement:

| | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ _____ | $ _____ |
| Annual Percentage Rate | _____ % | _____ % |
| Monthly Payment | $ _____ | $ _____ |

H.  ☐  Check this box if the creditor is agreeing to provide you with additional future credit in connection with
this Reaffirmation Agreement.  Describe the credit limit, the Annual Percentage Rate that applies to
future credit and any other terms on future purchases and advances using such credit:

## PART II.    DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.   ☑ Yes    ☐ No

B. Is the creditor a credit union?

Check one.   ☐ Yes    ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1.   Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                          $ _3264_

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                      $_3077.08_

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)  $ _186.92_

   d. Amount of monthly payment required for this reaffirmed debt   $ _343.92_

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to
   pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption
   of Undue Hardship."  Otherwise, you must check the box at the top of page one that says "No
   Presumption of Undue Hardship."*

2.   You believe that this reaffirmation agreement will not impose an undue hardship on you or your
     dependents because:

     Check one of the two statements below, if applicable:

     [  ]   You can afford to make the payments on the reaffirmed debt because your monthly income is
            greater than your monthly expenses even after you include in your expenses the monthly
            payments on all debts you are reaffirming, including this one.

     [✓]   You can afford to make the payments on the reaffirmed debt even though your monthly income
            is less than your monthly expenses after you include in your expenses the monthly payments on
            all debts you are reaffirming, including this one, because:
            *Reduced other debts through bankruptcy and learned
            how to manage money better through credit counseling*

     Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following
statement, if applicable:

     [  ]   You believe this Reaffirmation Agreement is in your financial interest and you can afford to
            make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form 2400A, Reaffirmation Documents

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1)     I agree to reaffirm the debt described above.

(2)     Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3)     The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4)     I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5)     I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date  3/2/2016     Signature _____
                                                        *Debtor*

Date  _____     Signature _____
                                                        *Joint Debtor, if any*

### Reaffirmation Agreement Terms Accepted by Creditor:

Creditor  C&F Finance Company          P.O. Box 2129 Richmond, VA 23219
                  *Print Name*                                      *Address*

Harvey Lee Porter, III          _____  3/16/16
    *Print Name of Representative*                *Signature*                    *Date*

## PART IV.  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☑ A presumption of undue hardship has been established with respect to this agreement. ~~In my opinion, however, the debtor is able to make the required payment.~~ *BKS*

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date  3/2/2016     Signature of Debtor's Attorney _____

                  Print Name of Debtor's Attorney  Brian K Stevens

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

## A.    DISCLOSURE STATEMENT

1.    **What are your obligations if you reaffirm a debt?**  A reaffirmed debt remains your personal legal obligation to pay.  Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages.  Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.    **Are you required to enter into a reaffirmation agreement by any law?**  No, you are not required to reaffirm a debt by any law.  Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.    **What if your creditor has a security interest or lien?**  Your bankruptcy discharge does not eliminate any lien on your property.  A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed.  The property subject to a lien is often referred to as collateral.  Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt.  If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt.  To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.    **How soon do you need to enter into and file a reaffirmation agreement?**  If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge.  After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible.  The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.  However, the court may extend the time for filing, even after the 60-day period has ended.

5.    **Can you cancel the agreement?**  You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later.  To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled).  Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

   a. **If you** *were* **represented by an attorney during the negotiation of your Reaffirmation Agreement and**

      i. **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

      ii. **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

   b. **If you** *were not* **represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form 2400B to do this.

**C.   DEFINITIONS -**

1.   **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement.  The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above).  Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure.  You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2.   **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law.  The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges.  You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.   **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

**RETAIL INSTALLMENT SALE CONTRACT**
**SIMPLE FINANCE CHARGE**

*AUG - 6 REC'D*

Dealer Number _____    Contract Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| JAMES A GOODE 503 TAVERN ST BLACKSTONE VA 23824 NOTTOWAY | | LARRY'S CAR LAND INC 310 N MAIN ST BLACKSTONE VA 23824 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2007 | HONDA ACCORD S | 3HGCM56447G706114 | ☒ personal, family or household ☐ business ☐ agricultural |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1000.00 is |
|---|---|---|---|---|
| 18.99 % | $ 10162.24 | $ 14600.00 | $ 24762.24 | $ 25762.24 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 343.92 | Monthly beginning 09/18/2009 |

Or As Follows:

**Late Charge.** If payment is not received in full within __7__ days after it is due, you will pay a late charge of __5__ % of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is authorized to sell such insurance in Virginia. Your choice will not affect our decision to extend credit to you or the terms of this contract. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest insurance is required is checked below.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**
☐ Credit Life : ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability : ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ ____N/A____
Credit Disability $ ____N/A____
Insurance Company Name
__N/A__
Home Office Address __N/A__

Credit life insurance and credit disability insurance are not required to obtain credit (see back). You have the right to use alternate coverage or buy such insurance elsewhere. Your choice of insurer will not affect our decision to extend credit or the terms of this contract. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit Disability insurance does not cover any increase in your payment, or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ _432.20_ sales tax)  $ 14438.89 (1)
2  Total Downpayment =
   Trade-In _____
        (Year)    (Make)       (Model)
   Gross Trade-In Allowance                    $ ___N/A___
   Less Pay Off Made By Seller                 $ ___N/A___
   Equals Net Trade In                         $ ___N/A___
   + Cash                                      $ 1000.00
   + Other N/A                                 $ ___N/A___
        (If total downpayment is negative, enter "0" and see 4I below)   $ 1000.00 (2)
3  Unpaid Balance of Cash Price (1 minus 2)    $ 13438.89 (3)
4  Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A  Cost of Optional Credit Insurance
      Paid to Insurance Company or Companies.
      Life                          $    N/A
      Disability                    $    N/A       $ ___N/A___
   B  Vendor's Single Interest Insurance
      Paid to Insurance Company(ies).            $   90.00
   C  Other Optional Insurance Paid to Insurance Company or Companies   $ ___N/A___
   D  Optional Gap Contract                      $  600.00
   E  Official Fees Paid to Government Agencies  $ ___N/A___

**Other Optional Insurance**

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ __N/A__
Insurance Company Name
__N/A__
Home Office Address __N/A__
__N/A__
☐ N/A        N/A

| | | | | | |
|---|---|---|---|---|---|
| 2) to STATE OF VA | for GROSS REC TAX | $ | 22.41 | | |
| 3) to N/A | for N/A | $ | N/A | | |
| F | Government Taxes Not Included in Cash Price | $ | N/A | | |
| G | Government License and/or Registration Fees | | | | |
| | LICENSE | $ | 38.75 | | |
| H | Government Certificate of Title Fees | $ | 10.00 | | |

I  Other Charges (Seller must identify who is paid and describe purpose.)

| | | | |
|---|---|---|---|
| 1) to N/A | for Prior Credit or Lease Balance | $ | N/A |
| 2) to N/A | for N/A | $ | N/A |
| 3) to SELLER | for PROCESSING FEE | $ | 399.95 |
| 4) to N/A | for N/A | $ | N/A |
| 5) to N/A | for N/A | $ | N/A |
| 6) to N/A | for N/A | $ | N/A |
| 7) to N/A | for N/A | $ | N/A |
| 8) to N/A | for N/A | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf   $ 1161.11 (4)

5  Amount Financed (3 + 4)   $ 14600.00 (5)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
_____ N/A_____ , Year _____ SELLER'S INITIALS _____

type of insurance            Term
Premium $ _____ N/A _____
Insurance Company Name
N/A
Home Office Address  N/A
Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. Your choice of insurer will not affect our decision to extend credit or the terms of this contract.
I want the insurance checked above.
X
Buyer Signature                                      Date
X
Co-Buyer Signature                                   Date
THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.

Returned Check Charge: If any check you give us is dishonored, we may, at our option, charge you $ ___35___

XX  VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ ___90.00___ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. See Section 7 on the back for more information.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___72___ Mos.                    SAFE-GAP
                                       Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _James Goode_

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract, along with all other documents signed by you in connection with the purchase of the vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding.  Buyer Signs X _James Goode_ Co-Buyer Signs X

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

The within instrument or agreement is pledged as collateral to Wells Fargo Financial Preferred Capital, Inc.

See back for other important agreements.

## NO LIABILITY INSURANCE INCLUDED

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _James Goode_ Date 08/04/09  Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____

Seller signs _Larry's Car Land Inc_ Date 08/04/09 By X _____ Address _____ Title _____

Seller assigns its interest in this contract to C&F FINANCE COMPANY (Assignee) under the terms of Seller's agreement(s) with Assignee.
LARRY'S CAR LAND INC
☐ Assigned with recourse   XX Assigned without recourse   ☐ Assigned with limited recourse




# COMMONWEALTH OF VIRGINIA
## DEPARTMENT OF MOTOR VEHICLES

# CERTIFICATE OF TITLE FOR A VEHICLE
### KEEP IN SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

THE DEPARTMENT OF MOTOR VEHICLES, COMMONWEALTH OF VIRGINIA, HEREBY CERTIFIES THAT AN APPLICATION FOR A CERTIFICATE OF TITLE HAS BEEN MADE FOR THE VEHICLE DESCRIBED HEREON PURSUANT TO THE PROVISIONS OF THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH, THAT THE APPLICANT NAMED ON THE FACE HEREON HAS BEEN DULY RECORDED AS THE LAWFUL OWNER OF SAID VEHICLE, AND THAT, FROM THE STATEMENTS OF THE OWNER AND THE RECORDS ON FILE WITH THIS DEPARTMENT, THE HEREON DESCRIBED VEHICLE IS SUBJECT TO THE SECURITY INTEREST RECORDS ON FILE WITH THIS DEPARTMENT, AND AS DESCRIBED HEREON. IF ANY, THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH ALSO PROVIDE THAT ALL TITLE AND REGISTRATION INFORMATION IN THE OFFICE OF THE DEPARTMENT OF MOTOR VEHICLES IS PRIVILEGED AND ONLY SUBJECT TO DISSEMINATION TO AUTHORIZED AGENCIES, BUSINESS ORGANIZATIONS OR AGENTS, GOVERNMENTAL ENTITIES AND INDIVIDUALS UNDER THE CONDITIONS SPECIFIED BY MOTOR VEHICLE CODE SECTIONS 46.2-208, 46.2-209 AND 46.2-210.

| VEHICLE IDENTIFICATION NO. | | | YEAR | MAKE | VEHICLE BODY | 308  308LJS  ORIGINAL TITLE NO. |
|---|---|---|---|---|---|---|
| 3HGCM56447G706114 | | | 2007 | HONDA | 4D SDN | 73911309 |
| EMPTY WGT. | GROSS WGT. | GVWR | AXLES | FUEL | SALES TAX PAID    ODOMETER | DATE ISSUED |
| 3197 | | | 2 | GAS | 432.20  *47768* | 09/21/09 |

| OTHER PERTINENT DATA | ODOMETER BRAND | PRIOR TITLE NO. |
|---|---|---|
| 006278 | ACTUAL | |

Lienholder name(s) and address(es):
C & F FINANCE COMPANY
4660 S LABURNUM AVE
RICHMOND VA 23231

THIS IS NOT A TITLE NUMBER

| LIEN RELEASE | INTEREST IN THE ABOVE DESCRIBED VEHICLE IS HEREBY RELEASED |
|---|---|
| | By _____ |
| | TITLE _____   DATE _____ |

Name(s) and address(es) of vehicle owners:
GOODE JR,JAMES ALEXANDER
503 TAVERN ST
BLACKSTONE VA 23824-1530

---

**A**

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. The undersigned hereby certifies that the vehicle described in this title has been transferred to the following (printed name and address of Buyer(s)):

Buyer(s) Name _____

Street _____   City, State, Zip _____

ODOMETER READING (No Tenths) _____   DATE OF SALE _____   SALE PRICE _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.   ☐ 2. The odometer reading is not the actual mileage.   WARNING-ODOMETER DISCREPANCY

Signature of Seller(s) _____   Printed Name of Seller(s) _____

Signature of Buyer(s) _____   Printed Name of Buyer(s) _____

I am aware of the above odometer certification made by the Seller(s)

I am aware of the above odometer certification made by the Seller(s)   Dealer's No. _____   Licensing Jurisdiction _____

⇓ DETACH HERE ⇓

*ASSIGNMENT OF TITLE BY OWNER * NOTIFY DMV WHEN VEHICLE IS SOLD *

---

C & F FINANCE COMPANY
4660 S LABURNUM AVE
RICHMOND VA 23231

